WILLIAM PRYOR, Circuit Judge,
concurring:
Although I agree that we should review for harmless error and that the error in this appeal is harmless, we have unnecessarily complicated this appeal. This appeal does not require that we create a new test to identify structural defects. Nor does it *1207 require that we adopt wholesale a multi-factor test that other circuits designed to address the different problem of a sleeping lawyer. I concur in full in Parts I, II, III, IV, VI, and VII of the majority opinion. I also concur in Parts V.A, V.B, V.D, and V.E, except for the characterization of Cronic as an exception to the harmless error rule instead of a kind of constitutional violation. I do not join Part V.C.
The Sixth Amendment provides, “In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence.” U.S. Const. Amend. VI. The Supreme Court issued two decisions on the same day interpreting this clause: Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Strickland held that ineffective assistance of counsel, defined as performance that is both objectively unreasonable and actually prejudicial, violates the Sixth Amendment. 466 U.S. at 688, 692, 104 S.Ct. 2052. Cronic clarified that some circumstances require no showing of actual prejudice to establish a Sixth Amendment violation, namely those “that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified.” 466 U.S. at 658, 104 S.Ct. 2039. For example, we presume prejudice for (1) the “complete denial of counsel” “at a critical stage of ... trial,” (2) the “entire! ] fail[ure] to subject the prosecution’s case to meaningful adversarial testing,” and (3) what amounts to a sham appointment of counsel, as in Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). Cronic, 466 U.S. at 659-61, 104 S.Ct. 2039. Strickland is about the ineffective assistance of counsel, and Cronic is about what amounts to no assistance of counsel at all.
The majority treats Cronic as an “exception to the harmless error rule,” see, e.g., Maj. Op. at 1145, when it actually describes “a narrow exception to the two prong Strickland test.” Vines v. United States, 28 F.3d 1123, 1127 (11th Cir. 1994); see also Castillo v. Fla., Sec’y of Dep’t of Carr., 722 F.3d 1281, 1286-87 (11th Cir. 2013). Both Strickland and Cronic address whether a constitutional violation occurred, not an exception to an ordinary standard of review. See Mickens v. Taylor, 535 U.S. 162, 166, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002).
I agree with the majority that a violation of the Sixth Amendment occurred at Roy’s trial. I agree with the majority that “we are not treating this as an attorney error case.... Nor do the parties treat it as one.” Maj. Op. at 1142 n.7. This conclusion makes sense because “Strickland assumes the presence of counsel.” Vines, 28 F.3d at 1127. I also agree that Roy’s appeal does not present the kind of extraordinary circumstances discussed in Cronic that would entitle him to a presumption of prejudice. Counsel’s absence for seven minutes of testimony in a week-long trial, where the testimony .was then repeated without objection during counsel’s presence, is neither a complete denial of counsel for a critical stage nor an entire failure to provide meaningful adversarial testing. Nevertheless, I also agree with the majority that “it is a violation of the Sixth Amendment for inculpatory testimony to be taken from a government witness without the presence of at least one of the defendant’s counsel,” Maj. Op. at 1142, because the defendant has briefly been denied “the Assistance of Counsel for his defence,” U.S. Const. Amend. VI.
Because the denial of Roy’s constitutional right to the assistance of counsel is neither the kind described in Strickland nor in Cronic, we must decide whether this violation is a trial error or a structural defect. Most constitutional errors are trial *1208 errors: those that “occur during presentation of the case to the jury” and have an effect that can “be quantitatively assessed in the context of other evidence presented in order to determine whether they were harmless beyond a reasonable doubt.” United States v. Gonzalez-Lopez, 548 U.S. 140, 148, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006) (alterations adopted) (quoting Arizona v. Fulminante, 499 U.S. 279, 307-08, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)). Other constitutional errors are structural defects, which “defy analysis by harmless-error standards because they affect the framework within which the trial proceeds.” Gonzalez-Lopez, 548 U.S. at 149, 126 S.Ct. 2557 (alteration adopted) (internal quotation marks omitted) (quoting Fulminante, 499 U.S. at 309-10, 111 S.Ct. 1246). Structural defects are those “whose precise effects are unmeasurable, but without which a criminal trial cannot reliably serve its function.” Sullivan v. Louisiana, 508 U.S. 275, 281, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993).
Roy’s appeal does not present a structural defect. The brief absence of counsel does not present the sort of pervasive, framework-shifting violation that makes the denial of counsel of choice or the total denial of counsel structurally defective. Gonzalez-Lopez, 548 U.S. at 150, 126 S.Ct. 2557. As thoroughly explained by the majority, the temporary absence of Roy’s counsel did not have “consequences that are necessarily unquantifiable and indeterminate” that “unquestionably qualif[y] as ‘structural error.’ ” Id. (quoting Sullivan, 508 U.S. at 282, 113 S.Ct. 2078). There was no systemic breakdown in the adversarial process, and we can easily measure Roy’s prejudice.
I agree with the majority that the error here was harmless beyond a reasonable doubt. Future violations of the Sixth Amendment based on the temporary absence of counsel can be easily avoided: I would hope that no district court in this Circuit would ever begin or resume a trial without defense counsel being present. If a lawyer is late, a district court can employ other remedies to solve that problem.